FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 0 9 2008 ★
BROOKLYN OFFICE

 ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------

SHAWN WOODSON,

                                      Plaintiff,

                  -against-

THE CITY OF NEW YORK, DETECTIVE
CHRISTOPHER SCHILLING, shield # 6516,
SERGEANT SEAN O'BRIEN, shield # 02366,
DETECTIVE CHRISTOPHER RODRIGO, shield #
05683, DETECTIVE ANDREW DUGUID, shield #
92520, DETECTIVE SUSIE PERALTA, shield # 13139,

                                  Defendants.

**COMPLAINT**

08 - 4946

Jury Trial Demanded

**BLOCK, J.**

**GOLD, M.J.**

-------------------------------------------------------------x

## PRELIMINARY STATEMENT

1.    This is an action brought pursuant to 42 U.S.C. § 1983 alleging misconduct by the City of New York and individuals employed by the New York City Police Department ("NYPD"). Plaintiff alleges that, on January 21, 2008, officers employed in the NYPD's Brooklyn North Narcotics Division subjected her to false arrest, excessive force, an illegal search of her apartment, an illegal strip search, and fabricated evidence in violation of the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

4. Plaintiff is a resident of the State of New York. Plaintiff does not have an arrest history or a criminal record.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Detective Christopher Schilling, Sergeant Sean O'Brien, Detective Christopher Rodrigo, Detective Andrew Duguid, and Detective Susie Peralta are members of the NYPD's Brooklyn North Narcotics Division who were involved in the arrest of plaintiff and the events arising out of plaintiff's arrest. These officers were acting under color state law and in their capacities as New York City Police Officers at all relevant times herein. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The officers are sued in their individual capacities.

## STATEMENT OF FACTS

7. On January 21, 2008, at approximately 8:30 p.m., plaintiff left her residence at 953 Dekalb Avenue, apartment # 15C, Brooklyn, New York, to go to a grocery store located on Pulaski Street.

8. Plaintiff walked through her building's parking lot to get to the store.

9. While walking through the parking lot, plaintiff observed Detective Christopher Schilling, Sergeant Sean O'Brien, Detective Christopher Rodrigo, and Detective Andrew Duguid standing around her cousin's car.

10. One or all of the officers had severely damaged the car.

11. Plaintiff politely asked the officers what they were doing to her cousin's car.

12. In response, Detective Schilling asked plaintiff for the name of the owner of the car.

13. Plaintiff told Schilling that the car belonged to her cousin, Terry Burgess.

14. Detective Schilling asked plaintiff where he could find Burgess.

15. Plaintiff told Schilling that she did not know.

16. In response to what he viewed as a lack of cooperation on the part of plaintiff, Detective Schilling uttered profanities to plaintiff and told her that she was under arrest.

17. Detective Schilling then stepped behind plaintiff and unnecessarily and violently pushed plaintiff into a car causing plaintiff to strike her chest and suffer pain.

18. Detective Schilling then handcuffed plaintiff excessively tight causing marks on her wrists and interfering with her circulation.

19. After handcuffing plaintiff, Detective Schilling searched plaintiff.

20. No illegal contraband was found on plaintiff.

21. Sergeant O'Brien, Detective Rodrigo and Detective Duguid observed Detective Schilling violate plaintiff's rights as described above, but they failed to intervene to protect plaintiff.

22. Detective Peralta arrived on the scene to place plaintiff in a police van.

23. While plaintiff was in the van, Detective Schilling and Sergeant O'Brien, with their guns drawn, searched plaintiff's home without a warrant.

24. Plaintiff's family members were inside the apartment during the search.

25. While Detective Schilling and Sergeant O'Brien searched plaintiff's apartment, plaintiff was taken to the 83rd Precinct.

26. At the 83rd Precinct, Detective Peralta illegally strip searched plaintiff and ordered the nude plaintiff to bend over, squat, spread her buttocks, and cough.

27. Detective Schilling and Sergeant O'Brien knew that this illegal strip search was going to take place but they failed to intervene to protect plaintiff.

28. While plaintiff was incarcerated in the precinct, Detective Schilling, acting in furtherance of a conspiracy with the other officers, particularly Sergeant O'Brien, prepared false police reports accusing plaintiff of committing the misdemeanor, obstructing governmental administration in the second degree.

29. On January 22, 2008, the police took plaintiff to Brooklyn Central Booking.

30. Upon being admitted to Brooklyn Central Booking, plaintiff was partially strip searched pursuant to an illegal policy, practice and custom of the City of New York.

31. While plaintiff was incarcerated in Brooklyn Central Booking awaiting arraignment, Detective Schilling, acting in furtherance of a conspiracy with the other officers, particularly Sergeant O'Brien, misrepresented to a prosecutor that plaintiff committed the crime of obstructing governmental administration in the second degree.

32. The aforesaid misrepresentation resulted in a false misdemeanor charge of obstructing governmental administration in the second degree being filed against plaintiff.

33. In the evening of January 22, 2008, plaintiff was arraigned in Criminal Court, Kings County

34. The presiding judge released plaintiff on her own recognizance and ordered her to return to court at a later date.

35. Plaintiff was required to make court appearances after her arraignment.

36. In March 18, 2008, the criminal charge filed against plaintiff was adjourned in contemplation of dismissal.

37. As a result of defendants' actions, plaintiff suffered emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, pain, bruising, a loss of liberty, and damage to reputation.

**PLAINTIFF'S FEDERAL CLAIMS AGAINST DETECTIVE CHRISTOPHER SCHILLING, SERGEANT SEAN O'BRIEN, DETECTIVE CHRISTOPHER RODRIGO, DETECTIVE ANDREW DUGUID, AND DETECTIVE SUSIE PERALTA**

38. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-37 as if fully set forth herein.

39. The conduct of Detective Christopher Schilling, Sergeant Sean O'Brien, Detective Christopher Rodrigo, Detective Andrew Duguid, and Detective Susie Peralta, as described herein, amounted to false arrest, excessive force, an illegal search of a residence, an unlawful strip search, and fabrication of evidence in violation of 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

**PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK**

40. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-39 as if fully set forth herein.

41. The City of New York directly caused the constitutional violations suffered by plaintiff.

42. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that police officers employed in the Brooklyn North Narcotics Division, including the officers involved in the present case, are unfit officers who have the propensity to commit the acts alleged herein. Further, the City was aware that police officers were conducting illegal strip searches in Brooklyn Central Booking. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

43. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:      December 8, 2008
            Brooklyn, New York

                                        _____
                                        RICHARD J. CARDINALE
                                        Attorney at Law
                                        26 Court Street, Suite 1815
                                        Brooklyn, New York 11242
                                        (718) 624-9391

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
SHAWN WOODSON,

                                                  Plaintiff,

        -against-

THE CITY OF NEW YORK, DETECTIVE CHRISTOPHER SCHILLING, shield # 6516, SERGEANT SEAN O'BRIEN, shield # 02366, DETECTIVE CHRISTOPHER RODRIGO, shield # 05683, DETECTIVE ANDREW DUGUID, shield # 92520, DETECTIVE SUSIE PERALTA, shield # 13139,

                                                  Defendants.
---------------------------------------------------------------- X

## **COMPLAINT**

RICHARD J. CARDINALE
Attorney At Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391